Gen. 335]                                                        335

## TOBACCO REGULATION

### SMOKING RESTRICTIONS IN TALBOT COUNTY – SMOKING AREAS IN RESTAURANTS

September 29, 1995

*The Honorable Walter M. Baker*
*Maryland Senate*

You have requested our opinion on two issues related to Chapter 5 of the Laws of Maryland 1995, "Smoking in the Workplace":

1.     The first issue concerns the relationship between Chapter 5 and Article 23 of the Talbot County Code, "Smoking Prohibitions." Specifically, your question is whether State law or local law applies to a restaurant that possesses an alcoholic beverages license in Talbot County.

2.     The second issue concerns the provision in Chapter 5 that permits smoking in a "bar or bar area, a separate enclosed room not exceeding 40% of the restaurant, or a combination of a bar or a bar area and separate enclosed room not exceeding 40% of the total area of the restaurant including the bar or bar area." Your question is whether "the total area" includes spaces in the restaurant, like the kitchen, to which the public ordinarily does not have access.

Our opinion is as follows:

1.     Both State law and county law apply to a restaurant in Talbot County with an alcoholic beverages license. The combined effect of these laws is that such a restaurant may establish a smoking area only in a "bar," as defined in Article 23 of the County Code, and a smoking area in a bar may not exceed 40% of the total area of the restaurant, as specified in Chapter 5.

2.     The "total area" of a restaurant is to be calculated by reference to the square footage devoted to food preparation and service, including areas not ordinarily open to the general public.

# I

## State Statute and Regulation

On July 22, 1994, the Commissioner of Labor and Industry adopted a regulation generally prohibiting smoking in the workplace, except in separately ventilated smoking rooms. COMAR 09.12.23. The Commissioner acted to protect employees against the documented hazards of environmental tobacco smoke. The Commissioner declined to exempt bars and restaurants from the regulation, because he found no sufficient basis on which to provide a lesser degree of protection to employees in these workplaces. *See generally* 80 *Opinions of the Attorney General* 306, 313 (1995). The regulation was upheld by the Court of Appeals in *Fogle v. H & G Restaurant*, 337 Md. 449, 654 A.2d 441 (1995).

Disagreeing with some aspects of the regulation, the General Assembly enacted Chapter 5 of the Laws of Maryland 1995, which superseded the Commissioner's regulation by allowing smoking in certain locations.[1] One such location is "a restaurant as defined in Article 2B, §1-102 of the Code." *See* §2-106(c)(1)(i)5 of the Labor and Employment ("LE") Article, Maryland Code.[2] Under the definition in Article 2B, §1-102(a)(22)(i)1, a "restaurant" is a public establishment "equipped with a dining room with facilities for preparing and serving regular meals ... [i]n which the average daily receipts from the sale of foods exceed the average daily receipts from the sale of alcoholic beverages."

If a restaurant does not possess an alcoholic beverages license, smoking is permitted in "a separate enclosed room not to exceed 40% of the total area of the restaurant." LE §2-106(c)(1)(i)5A. If a restaurant does possess an alcoholic beverages license, smoking is permitted in "a bar or bar area, a separate enclosed room not

---

[1] The relevant provisions of Chapter 5 are preceded by the phrase "Notwithstanding any regulations adopted by the Commissioner ...."

[2] Chapter 5 amended LE §2-106, the basic grant of rulemaking authority to the Commissioner of Labor and Industry and the basis for the regulation prohibiting smoking in the workplace; LE §5-314, the emergency rulemaking authority of the Commissioner; and §2-105 of the Business Regulation Article, the rulemaking authority of the Secretary of Labor, Licensing and Regulation. For brevity's sake, this opinion will refer only to LE §2-106. The provisions are identical in the other sections.

exceeding 40% of the restaurant, or a combination of a bar or bar area and a separate enclosed room not exceeding 40% of the total area of the restaurant including the bar or bar area." LE §2-106(c)(1)(i)5B. The term "bar or bar area" means "an area within a restaurant that is devoted to the serving of alcoholic beverages for consumption by guests on the premises and in which the serving of food is incidental to the consumption of the alcoholic beverages, and the immediately adjacent seating area." LE §2-106(c)(2).

In its uncodified Section 2, Chapter 5 expressly preserves more restrictive local smoking regulation: "[T]his Act is not intended to preempt the authority of a county or municipal corporation to enact any law or ordinance that is more restrictive of smoking in establishments open to the public in which smoking is permitted under Section 1 of this Act."

In sum, the legal framework here is a sort of decision tree. The threshold question is whether Chapter 5 authorizes smoking in a particular setting. If not, then the Commissioner's regulation prohibits smoking, regardless of what a local enactment might allow. If so, the Commissioner's regulation is displaced, but a local enactment may nevertheless prohibit smoking.


## II

### The Talbot County Ordinance

In August 1993, the Talbot County Council enacted an ordinance restricting smoking in public places.[3] Codified as Article 23 of the Talbot County Code. "Smoking Prohibitions," the ordinance generally prohibits smoking in restaurants. §23-4(7). However, the definition of "restaurant" excludes "a cocktail lounge or tavern if said cocktail lounge or tavern is a 'bar' as defined above." §23-2.[4] *See also* §23-6A(1) (bars are not subject to

---

[3] The ordinance was sustained at a referendum in November 1994.

[4] The full definition of "restaurant" is as follows: "Any coffee shop, cafeteria, sandwich stand, private or public school cafeteria, or any other eating establishment which gives or offers for sale, food to the public, guests, or employees, as well as kitchens in which food is prepared
(continued...)

smoking restrictions). The term "bar" is defined in §23-2 as follows: "an area within a restaurant which is devoted to the serving of alcoholic beverages for consumption by guests on the premises and in which the serving of food is only incidental to the consumption of such beverages. Although a restaurant may contain a bar, the term 'bar' shall not include the principal restaurant dining area."

The Talbot County ordinance contains its own provision deferring to more restrictive law: "This Article shall not be interpreted or construed to permit smoking where it is otherwise restricted by other applicable laws." §23-12.

## III

### Smoking in Talbot County Restaurants

The Commissioner's regulation prohibits smoking in restaurants where Chapter 5 does not authorize smoking. Article 23 may not be given effect if it purported to allow *more* smoking in restaurants in Talbot County than authorized by Chapter 5.

We discern only one problem of this kind. Under Article 23, §23-2, smoking is allowed in the bar, regardless of the proportionate amount of space that a bar occupies. But Chapter 5 authorizes smoking in a bar (or bar area) only up to a maximum of 40% of the restaurant's total area. The Commissioner's regulation prohibits smoking in any greater area. Hence, a restaurant in Talbot County that has a bar exceeding the 40% limit may not allow smoking in the entire bar, notwithstanding Article 23, §23-2.

Conversely, Article 23 may be given full effect when it prohibits smoking in restaurants, although Chapter 5 authorizes smoking there. There are two such instances.

First, Article 23 does not allow smoking in a restaurant except in a bar. Article 23 has no provision for a smoking area in a restaurant without a bar; Chapter 5, by contrast, allows *any* restaurant to have a "separate enclosed room" for smoking. Article

---

[4] (...continued)
on the premises for serving elsewhere, including catering facilities, except that the term 'restaurant' shall not include a cocktail lounge or tavern if said cocktail lounge or tavern is a 'bar' as defined above."

23 is, in this respect, "more restrictive of smoking in establishments open to the public in which smoking is permitted under ... this Act"; hence, Section 2 of Chapter 5 gives effect to Article 23. Because Article 23 does not allow for smoking in a restaurant without a bar, such a restaurant in Talbot County may not avail itself of the "separate enclosed room" option under Chapter 5.

Second, the definition of "bar" in Article 23, §23-2 does not include the "immediately adjacent seating area" of the restaurant, as does the definition of "bar or bar area" in Chapter 5. Therefore, Article 23 is the more restrictive. Restaurants with a bar in Talbot County may not permit smoking in the adjacent seating area of the restaurant proper.

## IV

## Meaning of "Total Area"

Although Chapter 5 authorizes smoking in certain areas of a restaurant, the law caps the size of the smoking areas at "40% of the total area of the restaurant." Chapter 5 does not define the term "area." Absent some evidence of a contrary legislative purpose, the law is presumed to use the term in its ordinary sense. *See, e.g., In re Roger S.,* 338 Md. 385, 391, 658 A.2d 696 (1995).

One common meaning of "area" is "the space or site on which a building stands." *Random House Dictionary of the English Language* 110 (2d ed. 1987). Applying that definition, the phrase "40% of the total area of the restaurant" invokes a measurement of the total floor space for the building or part of a building that is used for the "restaurant." The term "restaurant" is defined in terms of "facilities for preparing and serving regular meals ...." Article 2B, §1-102(a)(22)(i)1 (incorporated by reference in LE §2-106(c)(1)(i)5A). Therefore, the "total area of the restaurant" includes all "facilities" that are related to the restaurant's food preparation and service − not only the dining rooms but also the kitchen and storage rooms.

Had the General Assembly wanted to limit the maximum size of the smoking area to 40% of the area of the restaurant frequented by patrons, it did not lack for examples of precisely such a limit. New York City's Smoke-Free Air Act, which bans smoking in many restaurants, allows smoking in a "smoking lounge" or "restaurant

bar," provided that "the smoking lounge and restaurant bar do not individually or in the aggregate exceed 25% of the aggregate square footage of the areas of such restaurant offering public dining, beverage service and lounges ...." §17-503a5(B). *See also* §25-808(a)(1) of the California Business and Professions Code (smoking prohibited in restaurants except in "designated areas not exceeding 25% of the seating capacity"). The General Assembly's choice of the most general term reflects a decision not to limit to public rooms the "area" from which the 40% limit is to be calculated. *Cf. Solander v. Municipal Court*, 119 Cal. Rptr. 609, 611-12 (Cal. App. 1975) (contrasting general use of the term "area" in one part of a statute with a more limited use in another part).

## V

### Conclusion

In summary, it is our opinion that:

1.   A restaurant in Talbot County that has an alcoholic beverages license and a bar may allow smoking in the bar, as long as the area of the bar does not exceed 40% of the area of the restaurant. A restaurant in Talbot County may not permit smoking in the area of the restaurant adjacent to the bar.

2.   The 40% limit on the size of the smoking area in a restaurant is to be calculated by reference to the total floor space used for food preparation and service, including areas not generally accessible to the public.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*